**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DARRELL EDWARD LYNCH, JR.,

    Defendant - Appellant.

No. 14-7057
(D.C. No. 6:13-CR-00081-JHP-1)
(E.D. Oklahoma)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **BACHARACH**, and **McHUGH**, Circuit Judges.
_____

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument.

## I.  INTRODUCTION

Darrell Edward Lynch, Jr., is a convicted sex offender who failed to keep his registration current both while living in Oklahoma and after he moved to Texas. He entered a conditional guilty plea, admitting that he violated the Sex Offender

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Registration and Notification Act (SORNA), 18 U.S.C. § 2250(a), but reserving four issues for appeal. Specifically, Mr. Lynch challenges his conviction on the grounds that SORNA violates the Commerce Clause, the Tenth Amendment, and the Ex Post Facto Clause of the U.S. Constitution, as well as the nondelegation doctrine. Consistent with our recent precedent, we hold that SORNA is the product of a valid exercise of Congress's Commerce Clause power and that it does not violate the Tenth Amendment, Ex Post Facto Clause, or the nondelegation doctrine. We therefore affirm Mr. Lynch's conviction.

## II. BACKGROUND

Mr. Lynch pleaded guilty on March 15, 1996, in Texas to committing an aggravated sexual assault on a child under the age of fourteen. On July 27, 2006, Congress passed the Sex Offender Registration and Notification Act (SORNA). On February 28, 2007, the U.S. Attorney General issued a rule extending the requirements of SORNA "to all sex offenders, including sex offenders convicted of the offense for which registration is required prior to the enactment of that Act." 28 C.F.R. § 72.3. Thus, although Mr. Lynch committed his sex offense before SORNA was enacted, he is required to comply with its registration requirements.

After Mr. Lynch was released from prison in 2002, he lived in Florida for a number of years and then moved to Oklahoma. Mr. Lynch failed to update his sex offender registration to reflect his move to Oklahoma. When Mr. Lynch later moved to Texas, he again failed to update his sex offender registration. Mr. Lynch was subsequently indicted on one count of failing to register as a sex offender in violation

2

of 18 U.S.C. § 2250(a)(1), (a)(2)(B), and (a)(3). Mr. Lynch moved to dismiss the indictment on the same grounds he now asserts on appeal. The district court denied Mr. Lynch's motion to dismiss, and Mr. Lynch then entered a conditional guilty plea. Mr. Lynch now appeals from his conviction.

### III. DISCUSSION

Mr. Lynch has made four constitutional arguments on appeal: that SORNA violates the Commerce Clause, the Tenth Amendment, the Ex Post Facto Clause, and the nondelegation doctrine. We review the district court's denial of Mr. Lynch's motion to dismiss the indictment on constitutional grounds de novo. *See United States v. Brune*, 767 F.3d 1009, 1015 (10th Cir. 2014). "As a part of our de novo review, however, we must presume that the statute is constitutional." *Id.* (internal quotation marks omitted). We may "invalidate a congressional enactment only upon a plain showing that Congress has exceeded its constitutional bounds." *United States v. Morrison*, 529 U.S. 598, 607 (2000).

Mr. Lynch first claims SORNA violates the Commerce Clause by regulating inactivity. Although Mr. Lynch acknowledges that we rejected a Commerce Clause challenge to SORNA in *United States v. Hinckley,* 550 F.3d 926, 939–40 (10th Cir. 2008), *abrogated on other grounds by Reynolds v. United States*, 132 S. Ct. 975 (2012), he argues our decision has been superseded by the Supreme Court's decision in *National Federation of Independent Business v. Sebelius*, 132 S. Ct. 2566 (2012) (*NFIB*). After Mr. Lynch filed this appeal, we addressed *NFIB*'s effect on our Commerce Clause analysis in *Hinckley.* In *United States v. White*, we held that

3

nothing in *NFIB* undermines our conclusion that SORNA is a permissible exercise of Congress's Commerce Clause power to regulate the channels of interstate commerce and the persons or things in interstate commerce. No. 14-7031, slip. op. at 6–13 (10th Cir. Apr. 6, 2015). For the reasons stated in *White*, we reject Mr. Lynch's claim that Congress exceeded its Commerce Clause power when it enacted SORNA.

Second, Mr. Lynch claims SORNA violates the Tenth Amendment by directing state officials to implement a federally mandated sex offender registry. We also addressed this argument in *White*, holding that SORNA does not violate the Tenth Amendment. *Id.* at 14–17. There, we declined to make the same inference Mr. Lynch asks us to draw here: that, simply because Oklahoma has not substantially implemented SORNA and there is no federally run system for registering sex offenders, Oklahoma officials are unconstitutionally forced to administer the federal registration program. *Id.* at 15–16. Instead, we reject Mr. Lynch's Tenth Amendment argument for the same reasons stated in *White*—nothing in SORNA compels a state officer to implement a federal registry. *Id.* at 16.

Third, Mr. Lynch claims SORNA's requirement that pre-Act sex offenders register violates the Ex Post Facto Clause by increasing the punishment for a past offense. We upheld SORNA in the face of an Ex Post Facto Clause challenge in *United States v. Lawrance*, 548 F.3d 1329 (10th Cir. 2008). There we explained that SORNA is a regulatory statute and any criminal penalties attach only to future failures to register. *Id.* at 1332–36; *see also White*, No. 14-7031, slip op. at 13–14. One panel of this court cannot overrule the judgment of another panel "absent en

banc consideration . . . [or] an intervening Supreme Court decision that is contrary to or invalidates our previous analysis." *United States v. Brooks*, 751 F.3d 1204, 1209 (10th Cir. 2014) (internal quotation marks omitted). Mr. Lynch does not claim that either exception to our horizontal stare decisis rule is present. We therefore reject his ex post facto challenge to SORNA.

Fourth, Mr. Lynch claims his conviction should be vacated because Congress unconstitutionally delegated to the Attorney General the authority to determine whether pre-Act sex offenders must comply with SORNA. But Mr. Lynch's argument is again precluded by a recent decision of this court. After the parties finished briefing this case, we addressed whether Congress constitutionally delegated this question to the Attorney General. In *United States v. Nichols*, 775 F.3d 1225 (10th Cir. 2014), we upheld SORNA in the face of a nondelegation challenge because we concluded that Congress had laid down an intelligent principle governing the Attorney General's decision. *Id.* at 1230–32. For the reasons stated in *Nichols*, we hold Congress did not unconstitutionally delegate its legislative powers to the attorney general under SORNA.

## IV. CONCLUSION

We **AFFIRM** Mr. Lynch's conviction for failure to register in violation of 18 U.S.C. § 2250(a).

Entered for the Court

Carolyn B. McHugh
Circuit Judge

5